IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                              )<br>             Plaintiff,       )<br>                              )<br>     v.                       )<br>                              )<br>MARTERIS VONERIC GRAY,        )<br>                              )<br>             Defendant.       )<br>                              ) | 4:06CR3144<br><br>**SEALED**<br><br>MEMORANDUM AND ORDER |

    Defendant has moved for release to a halfway house combined with intensive outpatient substance abuse treatment.  The motion is supported by a report of a recent substance abuse evaluation.  The report reflects the evaluator's opinions that the defendant is dependent upon Cannabis, hallucinogens, and alcohol.  It recommends several things:  short-term residential treatment (or intensive outpatient treatment with residence in a structured environment); physical examination and evaluation; and neurological or neuropsychological testing.

    The little information that is available to the court paints a picture of a young man who takes no personal responsibility for his actions.  He tries to justify his assaultive behavior and actions as trying to stop others' fights or trying to protect himself from the assaults of others, even though there were witnesses to several of them.  He minimized his substance abuse history to the pretrial services officer, and even denied he had ever used ecstacy, but he told the evaluator that he was a daily or near-daily user of ecstacy and had been so using for about the last year.  He reports that he and his girlfriend have discussed his going to treatment, but he had taken no action on that score before his arrest.  He also reported that he was intending to enroll in college or community college, but again, had taken no

action in that direction before his arrest. There appears to the court to be more "going on" here than a substance abuse problem.

It is apparent that the defendant needs treatment, but given his past behaviors, it was also apparent to the evaluator that he needs psychological or neurological testing. I think he is not likely to benefit from treatment unless he has the attitude for it, and that needs to be evaluated.

I shall deny the present motion for release to treatment. Any future proposal for release must be supported by a psychological assessment of defendant and whether he has the personal, psychological resources to benefit from treatment. In addition, because of the defendant's violent past, I reject intensive outpatient treatment; if I do release him, it will be only to a residential treatment facility where he can be closely observed.

IT THEREFORE HEREBY IS ORDERED,

1. The motion for treatment, filing 14, is denied without prejudice to the filing of a new motion following additional evaluation by a clinical psychologist. The pretrial services officer is authorized to assist in arranging such an evaluation.

2. The motion and this memorandum shall be sealed under the E-Government Act.

DATED this 26th day of October, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge