```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )        4:06CR3144
                               )
       v.                      )
                               )
MARTERIS VONERIC GRAY,         )        MEMORANDUM AND ORDER
                               )
              Defendant.       )
                               )
```

Pending before me are the defendant's motion for bill of particulars, filing 18; motion to produce list of witnesses, filing 19; and motion to strike alias, filing 20. For the reasons discussed herein, these motions will be denied.

### Motion for Bill of Particulars
### Filing 18

The indictment filed against the defendant alleges that between November 1, 2001 and December 23, 2005, the defendant knowingly and intentionally combined, conspired, and agreed with other persons to distribute and possess with the intent to distribute 50 grams or more of crack cocaine. Filing 1. The defendant claims this indictment is vague and indefinite, does not reasonably inform the defendant of the nature of the charges against him, and accordingly he is unable to prepare an intelligent defense to the indictment. Specifically, the defendant claims he needs information explaining:

- When and with whom he conspired in committing the alleged drug-related offenses;

- What activities he allegedly agreed to perform in distributing or possessing crack cocaine;

- Whether other unindicted persons were part of the alleged conspiracy;

- What actions or activities he actually performed in furtherance of the alleged conspiracy; and

- The names, addresses, and identities of all persons to whom he personally distributed, attempted to distribute, or actually aided in distributing crack cocaine in furtherance of the conspiracy.

The government argues that the motion for bill of particulars should be denied on both procedural and substantive grounds. As to the procedural issue, the government claims the defendant failed to comply with paragraph 3 of the progression order before filing the motion. The court's progression order, filing 9, states:

> In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of any such conferences.

Filing 9, ¶ 3(b).

The defendant's motion states:

> Defendant's counsel conferred with Sara Fullerton, Assistant U.S. Attorney by telephone on October 23, 2006. During that conversation, counsel requested a bill of particulars for the above referenced case from the U.S. Attorney's office. Ms. Fullerton refused to provide a bill of particulars, although she did cooperate with defense counsel with requests for information.

2

Filing 18, p. 2. The government concedes that it was not willing to produce the bill of particulars, but states it was willing to answer questions, and answered those questions posed by the defendant, but the defendant never asked the specific questions underlying his pending motion for bill of particulars. The government therefore claims the defendant failed to comply with the court's progression order because he has failed to show he could not obtain the information needed without filing a motion for bill of particulars.

Though the defendant's motion may be contrary to the intended spirit of paragraph 3(b) of the progression order, he did substantially comply with the letter of that order. I therefore shall not deny the defendant's motion on procedural grounds, although counsel is instructed to more specifically comply with the order's requirements in the future.

I find, however, that the defendant has failed to prove any need for production of the bill of particulars. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002). Where the defendant is afforded the opportunity to submit questions to the government, receive answers covering essentially the same information requested in the bill of particulars, and this information serves to eliminate or avoid surprise at trial, production of a bill of particulars is not required. Id.

Moreover, when the information requested is already available to the defendant through other documentary evidence in his possession, the defendant cannot prove the bill of particulars is needed to fully defend the case. U.S. v. Brockman, 183 F.3d 891, 896 n. 3 (8th Cir. 1999).

The government states it has provided extensive Rule 16, Jencks Act, and possible Brady material to the defendant's counsel. The government argues the information sought by the motion for bill of particulars is contained in these materials and therefore the defendant cannot show a need for the bill of particulars. The government's brief explains that it has offered defense counsel the opportunity to review all physical evidence related to the case, and that it produced the following documents on September 28, 2006:

> [C]opies of police reports, including property reports and tape transcripts, and lab reports which include the name and address of the chemist(s), regarding undercover buys from one of the potential witnesses in addition to interviews in which the witness identified the defendant as the source of the crack cocaine purchased; reports of interviews with other potential witnesses; reports of phone tolls records; property and lab reports and transcripts pertaining to the other potential witnesses; reports from other agencies; and copies of documents such as proffer letters, plea agreements, criminal histories, etc., with regard to potential witnesses.

Filing 27 (government's brief), p. 2-3.

Based on the foregoing and uncontradicted statements of the government, the defendant has failed to show any need for a bill of particulars. He possesses or has access to the information needed to prepare for trial or plead double jeopardy as a bar to

4

further prosecution. His motion for bill of particulars will be denied.

### Motion to Produce List of Witnesses
### Filing 19

The defendant moves for an order requiring the government to produce the names and addresses of every person interviewed as a possible witness for trial; those who were interviewed during the course of the government's investigation; every expert the government intends to call as a witness; every person interviewed concerning the defendant's activities, habits, and whereabouts; and all informants used in the investigation of this matter. Filing 19. No brief was filed in support of this motion. The governments claims there is no legal basis for granting the defendant's motion to produce a list of potential witnesses.

Although a district court may order the government to disclose its witness list for trial, "criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed.R.Crim.P. 16(a)." U.S. v. White, 750 F.2d 726, 728 (8th Cir. 1984). There is no constitutional right to discovery in a criminal case; though Brady v. Maryland, 373 U.S. 83 (1963) requires the government to disclose evidence favorable to the defendant upon request, "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." Weatherford v. Bursey, 429 U.S. 545, 559 (1977).

Rule 16(a)(1)(G) addresses the government's duty to produce expert witness discovery. However, the government's duty to

5

disclose the identity of experts arises, in the first instance, when the defendant requests the information.

The defendant has presented no evidence or argument stating that prior to filing this motion, he requested such information from the government and the request was denied. He has also failed to show that attempts were made to resolve the issue before filing a motion. See filing 9, (Progression Order), ¶ 3(b). Additionally, since no brief was filed in support of the motion, he has failed to persuade the court that a witness list is necessary. Accordingly, the defendant's motion to produce list of witnesses will be denied.

### Motion to Strike Alias
### Filing 20

The Defendant has moved to strike his alias, "Cream," from the caption and body of the indictment, arguing that aliases should only be included in the indictment when the Government intends to introduce evidence of an alias and defendant's use of that alias in connection with the acts charged. The defendant claims the government need not use the alias "Cream" to identify the defendant or his alleged involvement in drug-related activity, and the needless use of defendant's alias will be prejudicial.

The government responds that use of defendant's alias will not prejudice his rights because the alias, "Cream," is neither derogatory nor incriminating. The government further argues that at least four potential trial witnesses knew the defendant by this alias or had heard him referred to by that name, and using the alias will be necessary in order for the witnesses to accurately describe their dealings and interactions with the

defendant; the defendant's use of an alias is admissible to show his efforts at concealing the conspiracy from law enforcement; and using the alias will prevent future double jeopardy problems. Filing 24 (government's brief), p. 1-2.

"If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted."  U.S. v. Harriston, 329 F.3d 779, 792 (11th Cir. 2003)(quoting U.S. v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976)(relying on United States v. Skolek, 474 F.2d 582, 586 (10th Cir. 1973); United States v. Miller, 381 F.2d 529 (2d Cir. 1967)).  See also See e.g. United States v. Bradford, 246 F.3d 1107, 1117-18 (8th Cir. 2001), overruled on other grounds, United States v. Diaz, 296 F.3d 680 (8th Cir. 2002)(holding the use of the defendants' aliases, "Devo" and "Blue," at trial did not prejudice them; the witnesses were describing the defendants as they knew them, and the names themselves did not carry any negative connotation); United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972)(finding "[o]nly when proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial."); United States v. Kalish, 690 F.2d 1144, 1155 (5th Cir. 1982)(upholding testimony of defendant's alias where he used it to conceal his identity from officers; a defendant's attempt to conceal his identity with an alias is relevant to prove consciousness of guilt).

The defendant's alleged street name, "Cream," does not carry a negative connotation or implication of criminal behavior.  The

government intends to offer evidence that defendant's alias was used during, and in furtherance of illegal drug conspiracy activity.  The alias is therefore relevant and not unduly prejudicial.  Defendant's motion to strike the alias will be denied.

    IT THEREFORE HEREBY IS ORDERED:

1. Defendant's motion for bill of particulars, filing 18, is denied.

2. Defendant's motion to produce list of witnesses, filing 19, is denied.

3. Defendant's motion to strike alias, filing 20, is denied.

DATED this 6th day of December, 2006.

                        BY THE COURT:

                        s/ *David L. Piester*
                        David L. Piester
                        United States Magistrate Judge